UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
HAMMOND DIVISION

MALONDA G.,

    Plaintiff,

    v.      Case No. 2:18-cv-158-JVB-JEM

ANDREW M. SAUL,
Commissioner of
Social Security Administration,

    Defendant.

## OPINION AND ORDER

Plaintiff Malonda G. seeks judicial review of the Social Security Commissioner's decision denying her disability benefits and asks this Court to remand the case. For the reasons below, this Court remands the Administrative Law Judge's ("ALJ's") decision.

**A.**     **Overview of the Case**

Plaintiff alleges that she became disabled on November 14, 2014. (R. at 15.) Plaintiff alleged to suffer from degenerative disk disease, diabetes mellitus, hypertension, and obesity. (R. at 17.) The ALJ noted that Plaintiff also suffered from deep vein thrombosis beginning in December 2016. (*Id.*) However, medication and bed rest alleviated the pain caused by this condition. (R. at 18.) While the ALJ found that Plaintiff suffered from severe impairments (R. at 17), she concluded that Plaintiff could perform jobs that existed in significant numbers (R. at 25–26). Therefore, the ALJ denied benefits. (R. at 26.) This decision became final when the Appeals Council denied Plaintiff's request for review. (R. at 5.)

B.  **Standard of Review**

This Court has authority to review the Commissioner's decision under 42 U.S.C. § 405(g). The Court will ensure that the ALJ built an "accurate and logical bridge" from evidence to conclusion. *Thomas v. Colvin*, 745 F.3d 802, 806 (7th Cir. 2014). This requires the ALJ to "confront the [plaintiff's] evidence" and "explain why it was rejected." *Thomas v. Colvin*, 826 F.3d 953, 961 (7th Cir. 2016). The Court will uphold decisions that apply the correct legal standard and are supported by substantial evidence. *Briscoe ex rel. Taylor v. Barnhart*, 425 F.3d 345, 351 (7th Cir. 2005). Evidence is substantial if "a reasonable mind might accept [it] as adequate to support [the ALJ's] conclusion." *Richardson v. Perales*, 402 U.S. 389, 401 (1971).

C.  **Disability Standard**

The Commissioner follows a five-step inquiry in evaluating claims for disability benefits under the Social Security Act:

> (1) whether the claimant is currently employed; (2) whether the claimant has a severe impairment; (3) whether the claimant's impairment is one that the Commissioner considers conclusively disabling; (4) if the claimant does not have a conclusively disabling impairment, whether he can perform his past relevant work; and (5) whether the claimant is capable of performing any work in the national economy.

*Kastner v. Astrue*, 697 F.3d 642, 646 (7th Cir. 2012).

The claimant bears the burden of proof at every step except step five. *Clifford v. Apfel*, 227 F.3d 863, 868 (7th Cir. 2000).

D.  **Analysis**

Plaintiff argues that the ALJ improperly evaluated the physician opinions and did not address evidence of her hand limitations. (Pl. Br. at 6, 18.) While the record might support the

ALJ's decision, the ALJ did not adequately explain her conclusions. Therefore, this Court must remand.

**(1)     The ALJ Improperly Evaluated the Opinions of Plaintiff's Physicians.**

Plaintiff submits that the ALJ improperly evaluated physician opinions. This Court agrees and remands because the weight given to the opinions may change the ALJ's final disability ruling.

In evaluating medical opinions, the ALJ must look to the factors listed in 20 C.F.R. § 404.1527(c). These include, but aren't limited to: (1) examining relationship, (2) treatment relationship, (3) supportability, (4) consistency, and (5) specialization. *Id*. The ALJ must explain what weight she assigned to a particular doctor so that this Court may "afford [plaintiffs] meaningful judicial review." *Scott v. Barnhart*, 297 F.3d 589, 595 (7th Cir. 2002). A treating physician's opinion is given controlling weight if it is supported by medically acceptable diagnostic techniques and is consistent with substantial evidence on the record. 20 C.F.R. § 404.1527(c)(2). Even where a treating physician's opinion is controlling, medical opinions on disability are reserved for the Commissioner. 20 C.F.R. § 404.1527(d). But the ALJ must still "consider [such] opinions … in determining the claimant's residual functional capacity," explain what weight they are entitled, and why. *Roddy v. Astrue*, 705 F.3d 631, 638 (7th Cir. 2013); *see also Varga v. Colvin*, 794 F.3d 809, 814–815 (7th Cir. 2015) (ALJ must incorporate limitations assessed by medical opinions or explain why they are omitted).

**(a)     The ALJ Improperly Evaluated Dr. Berry's Opinion.**

In the Residual Functional Capacity ("RFC"), the ALJ did not support her analysis of Dr. Berry's (the treating physician) opinion with substantial evidence. In analyzing the CFR factors, the ALJ provides multiple reasons for downgrading Dr. Berry's opinion. (R. at 24.) But her evaluation did not include details from the record that support Dr. Berry's opinion. For example, the ALJ points to Dr. Berry's note in September 2014 which states that she "had treated Plaintiff for less than a year." (*Id*.) The implication is that Dr. Berry's opinion should be discounted because it represented only a fraction of Plaintiff's treatment history. However, the ALJ also stated that Dr. Berry gave additional opinions in 2015. (R. at 21.) In fact, the record indicates that Dr. Berry treated Plaintiff through 2017 (R. at 457.)

Additionally, the ALJ repeatedly maintains that the limitations set forth by Dr. Berry are not supported by "objective medical evidence." (R. at 24.) To demonstrate this point, the ALJ relies exclusively on one set of medical records from January 2017: Plaintiff "indicated that [she] … did not report back pain." (R. at 24.) However, the record contradicts the ALJ's summary. While the January 2017 report lists "no lower back pain" under "History of Present Illness," it also states "back pain" under "Review of Symptoms." (R. at 459.) This report also show that Plaintiff indicated "tenderness [in the] low back" during her physical exam. (R. at 463.) It is not clear whether the note of no lower back pain appeared in error or indicated that pain presented in Plaintiff's mid or upper back. Either way, the ALJ's decision to disregard Dr. Berry's opinion does not address crucial evidence that supports Plaintiff's claim. It is possible that this may have been a harmless error if other facts on the record contradict Dr. Berry's opinion. *See Spiva v. Astrue*, 628 F.3d 346, 353 (7th Cir. 2010) ("[A]n error is harmless…[i]f it is predictable with great confidence that the agency will reinstate its decision on remand because the decision is overwhelmingly supported by the record."). However, the *Chenery* doctrine prevents this Court

and the government from drawing that conclusion. *Sec. & Exch. Comm'n v. Chenery Corp.*, 318 U.S. 80, 88 (1943) (if action of administrative agency rests upon a determination involving an exercise of judgment entrusted to that agency, that action may not be set aside because the reviewing court might have made a different determination). The ALJ did not demonstrate that Dr. Berry's opinion is inconsistent with substantial evidence on the record. Therefore, the Court remands this case for the ALJ to further explain why she discredited Dr. Berry's opinion.

**(b)    The ALJ did not Provide Sufficient Reasoning for Giving More Weight to the State Agency Physicians' (DDS) Opinions Than Plaintiff's Physicians' Opinions.**

The ALJ did not sufficiently analyze the 20 C.F.R. § 404.1527(c) factors in deciding to give greater weight to the state agency doctors' opinions. The ALJ must "consider all of [those] factors in deciding the weight [she] give[s] to any medical opinion." *Id*. Though the ALJ need not recite these points verbatim, she must explain enough for meaningful appellate review. *Scrogham v. Colvin*, 765 F.3d 685, 697 (7th Cir. 2014). In her opinion, the ALJ gave greater weight to the state agency physicians' opinions because they "reflect[ed] a reasonable synthesis of the medical evidence at the time and appropriately account[ed] for the limitations." (R. at 25.) Consistency with the record can prove to be the defining criteria in weighing various physician opinion if this conclusion is supported by substantial evidence. *See Hofslien v. Barnhart*, 439 F.3d 375, 377 (7th Cir. 2006). However, the ALJ's own ruling contradicts her reasoning twice. With respect to state agency opinions "reflect[ing] a reasonable synthesis of the medical evidence," the ALJ opined that Plaintiff "generally had a full range of motion." (*Id*.) However, the ALJ also referenced multiple tests revealing that Plaintiff had "reduced range of motion" in her spine, shoulders, and cervix. (R. at 21.) It is unclear which tests led the ALJ to believe that

Plaintiff demonstrated a "full range of motion." (R. at 25.) With respect to state agency opinions "account[ing] for limitations," the ALJ mentions that these physicians placed restrictions on Plaintiff's ability to climb ladders, ropes, or scaffolds. However, she later rejected these limitations because Plaintiff maintained a normal gait. (*Id*.) Because the ALJ felt the need to make this modification, it cannot be said that the state agency doctors' opinions "appropriately account[ed] for the limitations." (*Id*.) In this case, the ALJ did not point to substantial evidence for favoring the state agency opinions over the treating physicians' opinions. Therefore, this issue requires remand.

**(2)    The ALJ did not Properly Address Plaintiff's Hand Limitations.**

Plaintiff complains that the ALJ failed to incorporate functional limitations to Plaintiff's left-hand use in the RFC. (Pl. Br. at 18.) The ALJ did include this finding in the RFC, but it is unclear how she factored it into her decision on Plaintiff's disability status. (R. at 21–22.) This issue should be clarified upon remand.

The ALJ did not clearly explain her treatment of Plaintiff's hand limitation. There are two ways that the ALJ can address Plaintiff's complaint in the RFC (when suggesting that the alleged symptom does not preclude Plaintiff from working). 20 C.F.R. § 404.1529. She can either determine that the complaint is not objectively medically determinable or find that it is determinable but not as severe as Plaintiff claims. *Id*. Here, it is unclear which route the ALJ took. The ALJ acknowledged that Plaintiff exhibited mild limitations during an examination with Dr. Pimentel. (R. at 21–22.) This appears to indicate that Plaintiff's symptoms are objectively medically determinable. But in the next sentence, the ALJ references different data from the same test administered by Dr. Pimentel to dismiss Plaintiff's symptoms. (*Id*.) It seems

paradoxical that the same objective medical test can both establish and disprove hand-use limitations. Because the analysis is so brief, it is uncertain whether the ALJ used these findings to establish that Plaintiff's hand limitations were not objectively determinable or to indicate that Plaintiff is not limited to the degree that she alleges. This Court cannot address the reasonableness of the ALJ's conclusion unless it is clear which method she used to address Plaintiff's hand issues. Given that the use of one's hands is critical to the jobs listed by the ALJ in Step 5 (cashier, café attendant, and school bus monitor) (R. at 26), this decision could change the ALJ's determination of Plaintiff's disability status. Upon remand, the ALJ should clarify to what extent the record refutes Plaintiff's hand limitations.

### E. Conclusion

The ALJ did not properly explain the weight given to physician opinions and did not properly address Plaintiff's alleged hand limitations. Accordingly, this Court remands the ALJ's decision for further clarification.

SO ORDERED on August 19, 2019.

 S/ Joseph S. Van Bokkelen
JOSEPH S. VAN BOKKELEN
UNITED STATES DISTRICT JUDGE